UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMA TORRES, | |
| Plaintiff, | Civil Case No.: 1:20−cv−01372 |
| v. | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL, | |
| Defendant. | |

### DEFENDANT UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Universal Protection Service, LLC a/d/a Allied Universal ("Defendant" or "Allied"), submits its Answer and Defenses to Plaintiff's Complaint as follows:

### NATURE OF THE CLAIMS

1.      This is an action for monetary damages pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. ("FMLA"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA"); and the Illinois Human Rights Act, 775 ILCS 5/1-101, et seq. ("IHRA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful pattern and practice of discrimination and retaliation against Plaintiff due to her disability and retaliation for Plaintiff's lawful exercise of her rights under the FMLA.

**ANSWER**: In response to Paragraph 1 of the Complaint, Allied acknowledges that Plaintiff is bringing an action under the FMLA, ADA, and IHRA to redress alleged injuries, but denies that it committed any statutory violations or other wrongful employment actions. Except as expressly acknowledged, Allied denies the allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

**ANSWER:** In response to Paragraph 2 of the Complaint, Allied acknowledges that Plaintiff

seeks to establish jurisdiction under the FMLA and ADA, but denies that it committed any

statutory violations or other wrongful employment practices. Except as expressly acknowledged,

Allied denies the allegations contained in Paragraph 2 of the Complaint.

3.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

**ANSWER:** In response to Paragraph 3 of the Complaint, Allied acknowledges that Plaintiff

seeks to establish federal jurisdiction over her state law claims, but denies that it committed any

statutory violations or other wrongful employment practices. Except as expressly acknowledged,

Allied denies the allegations contained in Paragraph 3 of the Complaint.

4.       Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

**ANSWER:** Allied denies the allegations contained in Paragraph 4 of the Complaint.  However,

Allied does not dispute that venue is appropriate in this district.

## THE PARTIES

5.      Plaintiff, Torres, is a citizen of the United States, and is and was at all times material a resident of the State of Illinois, residing in Cook County, Illinois.

**ANSWER:** In response to Paragraph 5 of the Complaint, Allied states that it is without sufficient

information or belief to either admit or deny whether Plaintiff is and was at all times material a

resident of the State of Illinois, residing in Cook County, and, based thereon, denies the

allegations in Paragraph 5 of the Complaint. Except as expressly acknowledged, Allied denies the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant, Allied, is a Delaware For Profit Corporation with its principal place of business in Santa Ana, California.

**ANSWER:** In response to Paragraph 6 of the Complaint, Allied admits that it is a limited liability company organized under the laws of the State of Delaware. Further responding, Allied admits that that its West Coast headquarters is located in Santa Ana, California. Except as expressly admitted, Allied denies the allegations contained in Paragraph 6 of the Complaint.

7.       Defendant does business in this judicial district and Plaintiff worked for Defendant at its 55 East Jackson Blvd., Chicago, Illinois 60604 location.

**ANSWER:** In response to Paragraph 7 of the Complaint, Allied admits that it conducts business in the greater Chicago area of Illinois and employed Plaintiff out of its branch office located at 55 East Jackson Boulevard, Chicago, Illinois 60604.

8.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

**ANSWER:** In response to Paragraph 8 of the Complaint, Allied states that it is a legal conclusion to which no response is necessary and, based thereon, denies the same.

## PROCEDURAL REQUIREMENTS

9.      Plaintiff has complied with all statutory prerequisites to filing this action.

**ANSWER:** In response to Paragraph 9 of the Complaint, Allied states that it is a legal conclusion to which no response is necessary and, based thereon, denies the same.

10.     On September 20, 2019, Plaintiff dual-filed a claim with the Illinois Department of Human Rights Commission ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability and retaliation.

3

**ANSWER:** In response Paragraph 10 of the Complaint, Allied states that it is without sufficient information or belief to either admit or deny the specifics of Plaintiff's dealings with the EEOC and IDHR and, based thereon, denies the same.

11.     Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

**ANSWER:** Allied denies the allegations contained in Paragraph 11 of the Complaint.

12.     On January 7, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue, upon request.

**ANSWER:** In response Paragraph 12 of the Complaint, Allied states that it is without sufficient information or belief to either admit or deny the specifics of Plaintiff's dealings with the EEOC and, based thereon, denies the same.

13.     This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**ANSWER:** In response Paragraph 13 of the Complaint, Allied states that it is without sufficient information or belief to either admit or deny the specifics of Plaintiff's dealings with the EEOC and, based thereon, denies the same.

## FACTUAL ALLEGATIONS

14.     Plaintiff worked for Defendant in a full-time capacity as a Client Manager. Plaintiff's job duties included, but were not limited to, overseeing client satisfaction and managing multiple accounts in and around Chicago, Illinois.

**ANSWER:** Allied admits the allegations contained in Paragraph 14 of the Complaint.

15.     Plaintiff is a disabled female.

**ANSWER:** In response to Paragraph 15 of the Complaint, Allied states that it is without sufficient information or belief to either admit or deny whether Plaintiff is disabled and, based thereon, denies the same.

16.     Plaintiff has been diagnosed with anxiety.

**ANSWER:** In response Paragraph 16 of the Complaint, Allied states that it is without sufficient

information or belief to either admit or deny whether Plaintiff has been diagnosed with anxiety

and, based thereon, denies the same.

17.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

**ANSWER:** In response to Paragraph 17 of the Complaint, Allied states that it is a legal

conclusion to which no response is necessary and, based thereon, denies the same.

18.     Defendant treated Plaintiff in a disparate manner by assigning her an exorbitantly high workload and subjected her to increased scrutiny. For example, Plaintiff was responsible for managing approximately 13,000 man hours per week while other similarly situated non-disabled Client Managers managed only 7,000 to 8,000 man hours per week.

**ANSWER:** Allied denies the allegations contained in Paragraph 18 of the Complaint.

19.     Additionally, in a planned effort to set Plaintiff up for failure, Defendant assigned her notoriously difficult or already failing accounts such as Defendant's Entertainment Cruises account and its Cushman & Wakefield account.

**ANSWER:** Allied denies the allegations contained in Paragraph 19 of the Complaint.

20.     Despite Defendant's efforts to sabotage Plaintiff, she maintained her workload and did as Defendant asked. However, Defendant's actions exacerbated Plaintiff's anxiety.

**ANSWER:** Allied denies the allegations contained in Paragraph 20 of the Complaint.

21.      Due to Defendant's increasing hostility and the discriminatory work environment Plaintiff requested a transfer to an Account Management position. Plaintiff even spoke with Kevin Conway and Brian Bisenkamp, Director of Operations, about the same but received no response.

**ANSWER:** In response to Paragraph 21 of the Complaint, Allied admits that Plaintiff discussed

transfer to an Account Manager position with her supervisors.  Except as expressly admitted,

Allied denies the allegations contained in Paragraph 21 of the Complaint.

22.     Towards the end of 2018, Defendant hired William Jefferson (non-disabled) as a Client Manager.

**ANSWER:** In response to Paragraph 22 of the Complaint, Allied admits that it previously employed an individual named William Jefferson in the role of Client Manager. Except as expressly admitted, Allied denies the allegations contained in Paragraph 22 of the Complaint.

23.     Under the guise of "redistributing" its accounts, Defendant took the opportunity to funnel its successful and high performing accounts to Mr. Jefferson while intentionally assigning Plaintiff additional failing accounts and accounts Defendant identified as "accounts in jeopardy." For example, Defendant assigned Plaintiff Entertainment Cruises – a failing account.

**ANSWER:** Allied denies the allegations contained in Paragraph 23 of the Complaint.

24.      Further Defendant reassigned Nefatari Gray, who worked directly under and assisted Plaintiff, to other accounts leaving Plaintiff intentionally shorthanded.

**ANSWER:** Allied denies the allegations contained in Paragraph 24 of the Complaint.

25.     Plaintiff raised her concerns about Mr. Gray's reassignment to Mr. Bisenkamp, but her concerns fell on deaf ears.

**ANSWER:** In response to Paragraph 25 of the Complaint, Allied admits that Plaintiff discussed Ms. Gray's reassignment with Mr. Biesenkamp. Except as expressly admitted, Allied denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant escalated its discriminatory efforts when on February 5, 2019 it issued Plaintiff a "Final Warning" for events that occurred on August 29, 2018 and another minor occurrence on January 9, 2019. Defendant had not raised concerns with Plaintiff for either occurrence prior to this February 5, 2019 "Final Warning."

**ANSWER:** Allied denies the allegations contained in Paragraph 26 of the Complaint.

27.     Plaintiff immediately contacted Lori Swilley, Human Resources Director, to discuss the "Final Warning" as it was clearly intended to target Plaintiff. Ms. Swilley discussed the same with Mr. Bisenkamp and eventually Ms. Swilley relented and agreed the "Final Warning" was baseless and removed it from Plaintiff's record however, the damage was already done.

**ANSWER:** In response to Paragraph 27 of the Complaint, Allied admits that Plaintiff complained to Laurie Swilley and Brian Biesenkamp about the Final Warning. Except as expressly admitted, Allied denies the allegations contained in Paragraph 27 of the Complaint.

28.     In or around March 2019, Mr. Conway left Defendant's employ and Mr. Bisenkamp was promoted from Director of Operations, to Interim General Manager, and eventually Mr. Bisenkamp became a General Manager.

**ANSWER:** In response to Paragraph 28 of the Complaint, Allied admits that Kevin Conway left Allied's employ. Allied further admits that it promoted Mr. Biesenkamp from Director of Operations to Interim General Manager to General Manager. Except as expressly admitted, Allied denies the allegations contained in Paragraph 28 of the Complaint.

29.     Plaintiff approached Mr. Bisenkamp with her concerns regarding the "accounts in jeopardy" she was assigned to handle, but her concerns were ignored. Mr. Bisenkamp flippantly responded to Plaintiff's concerns by stating that it was "just the nature of the beast" and provided Plaintiff no further support or guidance.

**ANSWER:** Allied denies the allegations contained in Paragraph 29 of the Complaint.

30.     Plaintiff worked tirelessly to save the failing accounts and bring them current. Instead of supporting her, Defendant refused to provide Plaintiff assistance, continued to withhold Ms. Gray's assistance, and made sweeping (false) allegations that Plaintiff was not performing her job duties. Defendant's efforts were focused solely on creating pretext for Plaintiff's termination.

**ANSWER:** Allied denies the allegations contained in Paragraph 30 of the Complaint.

31.     In March/April 2019 Plaintiff's sister was diagnosed with kidney failure.

**ANSWER:** In response Paragraph 31 of the Complaint, Allied states that it is without sufficient information or belief to either admit or deny whether Plaintiff's sister was diagnosed with kidney failure and, based thereon, denies the same.

32.     Plaintiff discussed her sister's condition with Mr. Bisenkamp and further advised Mr. Bisenkamp that she planned to undergo a Living Kidney Donor Evaluation to determine if she would be a candidate to donate a kidney to her sister.

**ANSWER:** In response to Paragraph 32 of the Complaint, Allied admits that Plaintiff informed Mr. Biesenkamp that her sister was experiencing a medical condition and advised him she was looking into some sort of donation option. Except as expressly admitted, Allied denies the allegations contained in Paragraph 32 of the Complaint.

33. Plaintiff further notified Mr. Bisenkamp of her upcoming doctor's appointments related to such testing.

**ANSWER:** Allied denies the allegations contained in Paragraph 33 of the Complaint.

34. As Plaintiff hoped testing would reveal her to be a positive match for kidney donation to her sister, she discussed the possibility of medical leave under the FMLA with Mr. Bisenkamp.

**ANSWER:** In response to Paragraph 34 of the Complaint, Allied admits that Plaintiff discussed FMLA leave with Mr. Biesenkamp. In response to the remaining allegations in Paragraph 34 of the Complaint, Allied states that it is without sufficient information or belief to either admit or deny whether Plaintiff hoped testing would reveal her to be a positive match to donate a kidney to her sister and, based thereon, denies the same. Except as expressly admitted, Allied denies the allegations contained in Paragraph 34 of the Complaint.

35. Plaintiff was out of work for one or two days to undergo Living Kidney Donor Evaluation testing. Plaintiff dutifully kept Mr. Bisenkamp apprised of how the testing was progressing and of her sister's condition.

**ANSWER:** In response to Paragraph 35 of the Complaint, Allied denies that Plaintiff kept Mr. Biesenkamp apprised of why she required FMLA leave or how her sister's condition was progressing. Further responding to Paragraph 35 of the Complaint, Allied states that it is without sufficient information or belief to either admit or deny whether Plaintiff missed work to undergo Living Kidney Donor Evaluation testing and, based thereon, denies the same. Except as expressly admitted, Allied denies the allegations contained in Paragraph 35 of the Complaint.

36.     Due to Plaintiff's disability and/or her perceived disability and in anticipation of Plaintiff utilizing protected medical leave Defendant increased its efforts to create pretext for her termination and discourage her from using protected medical leave.

**ANSWER:** Allied denies the allegations contained in Paragraph 36 of the Complaint.

37.     In the following days Mr. Bisenkamp informed Plaintiff that she would be responsible for meeting Entertainment Cruise cruises when they docked at 1:00 a.m. and other overnight hours – both on weekdays and weekends. This task is one typically assigned to Defendant's Operations Managers, not Client Managers. However, Mr. Bisenkamp stated to Plaintiff in no uncertain terms that Plaintiff had no choice but to do the additional tasks. Specifically, he said "If you can't do the job, then you are unable to perform the duties of a Client Manager" implying if Plaintiff wanted to keep her job she must comply with Defendant's discriminatory demands.

**ANSWER:** In response to Paragraph 37 of the Complaint, Allied admits that Mr. Biesenkamp previously informed Plaintiff that it was part of her job duties as a Client Manager to meet with Entertainment Cruises when the ship docked at night. Except as expressly admitted, Allied denies the allegations contained in Paragraph 37 of the Complaint.

38.     The continued harassment and discrimination caused Plaintiff's anxiety to flare and she sought treatment with her physician, Dr. Jennifer Goldfarb at Rush Lakeview. Dr. Goldfarb evaluated Plaintiff and prescribed a course of treatment to include medication and a medical leave.

**ANSWER:** In response to Paragraph 38 of the Complaint, Allied states, based upon information and belief, that Dr. Jennifer Goldfarb treated Plaintiff for an undisclosed condition. Except as expressly admitted, Allied denies the allegations contained in Paragraph 38 of the Complaint.

39.     The following week Defendant issued to Plaintiff a retaliatory and discriminatory Performance Improvement Plan ("PIP") which was to last approximately 30 days in duration. As part of the PIP Defendant was to meet with Plaintiff for three follow up sessions to occur on May 20, 2019, May 28, 2019, and June 3, 2019 respectively.

**ANSWER:** In response to Paragraph 39 of the Complaint, Allied admits that, in or around May 13, 2019, it issued a Performance Improvement Plan to Plaintiff with follow up meetings scheduled to occur on May 20, 2019, May 28, 2019, and June 3, 2019. Except as expressly admitted, Allied denies the allegations contained in Paragraph 39 of the Complaint.

40.     In May 2019, due to her disability and at her doctor's suggestion Plaintiff applied for and was approved for FMLA leave. Plaintiff then began her FMLA leave on or around May 23, 2019.

**ANSWER:** In response to Paragraph 40 of the Complaint, Allied admits that, in or around May

20, 2019, Plaintiff requested and was granted FMLA leave, which she began immediately.

Except as expressly admitted, Allied denies the allegations contained in Paragraph 40 of the

Complaint.

41.     Upon the expiration of her FMLA leave, Plaintiff was medically cleared to return to work on August 2, 2019. Plaintiff emailed Penny Green, Human Resources Manager, to coordinate her return to work. Ms. Green replied to Plaintiff's email advising her not to return until August 6, 2019.

**ANSWER:** In response to Paragraph 41 of the Complaint, Allied admits that Plaintiff was

scheduled to return to work in or around August 1, 2019.  Allied further admits that Ms. Green

advised Plaintiff to return to work on August 6, 2019.  Except as expressly admitted, Allied

denies the allegations contained in Paragraph 41 of the Complaint.

42.     As requested, on August 6, 2019 Plaintiff arrived to work and was immediately escorted into a small office where she was questioned by Ms. Swilley and Mr. Bisenkamp about how she was feeling, if she was ready to return to work, and the like.

**ANSWER:** In response to Paragraph 42 of the Complaint, Allied admits that Ms. Swilley and

Mr. Biesenkamp met with Plaintiff in or around August 6, 2019 to discuss her employment with

Allied.  Except as expressly admitted, Allied denies the allegations contained in Paragraph 42 of

the Complaint.

43.     During the conversation Defendant abruptly presented Plaintiff two choices: accept a severance agreement or face termination.

**ANSWER:** In response to Paragraph 43 of the Complaint, Allied admits that it informed

Plaintiff her employment was going to be terminated and offered her four (4) weeks of

severance.  Except as expressly admitted, Allied denies the allegations contained in Paragraph 43

of the Complaint.

44.     Defendant then terminated Plaintiff.

**ANSWER:** Allied admits the allegations contained in Paragraph 44 of the Complaint.

45.     It is clear Defendant terminated Plaintiff while she was on FMLA leave due to its
discriminatory animus towards her disability and in retaliation for taking FMLA leave.

**ANSWER:** Allied denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant's performance improvement plan is designed to allow employees the
opportunity to correct alleged performance deficiencies. However, due to her disability and use
of FMLA leave Defendant terminated Plaintiff without providing her the opportunity to return to
work and successfully complete her PIP.

**ANSWER:** In response to Paragraph 46 of the Complaint, Allied admits that the purpose of the

Performance Improvement Plan process is to implement corrective action regarding perceived

deficiencies in an employee's performance.  Except as expressly admitted, Allied denies the

allegations contained in Paragraph 46 of the Complaint.

47.     By contrast, Defendant has allowed other similarly situated, non-disabled employees not
using continuous FMLA leave the opportunity to attempt to and/or successfully complete their
PIP.

**ANSWER:** In response to Paragraph 47 of the Complaint, Allied admits that it informs all

management employees upon hire that Allied may issue corrective action, including the PIP,

without utilizing the progressive discipline process.  Except as expressly admitted, Allied denies

the allegations contained in Paragraph 47 of the Complaint.

48.     Further, Defendant's discriminatory animus is demonstrated by the fact that while
Plaintiff was on FMLA, Defendant filled her position with a male, non-disabled employee.

**ANSWER:** Allied denies the allegations contained in Paragraph 48 of the Complaint.

49.     Plaintiff learned her position had been filled when she received a call from Brick Yard, a
client who was concerned about Plaintiff's timeline for returning to work because her
"substitute," a man named Kevin Patel was having difficulty managing their account.

**ANSWER:** In response to Paragraph 49 of the Complaint, Allied states that it is without sufficient information or belief to either admit or deny how Plaintiff learned that her Allied position had been filled and, based thereon, denies the same. Except as expressly admitted, Allied denies the allegations contained in Paragraph 49 of the Complaint.

50. Plaintiff has been damaged by Defendant's illegal conduct.

**ANSWER:** Allied denies the allegations contained in Paragraph 50 of the Complaint.

51. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**ANSWER:** Allied denies the allegations contained in Paragraph 51 of the Complaint.

### Count I:
### Disability Based Discrimination in Violation of the ADA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51 above.

**ANSWER:** Allied repeats and re-avers its responses to Paragraphs 1 through 51 as if fully set forth herein.

53. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

**ANSWER:** Allied denies the allegations contained in Paragraph 53 of the Complaint.

54. Plaintiff was able to perform the essential functions of her job at the time of her unlawful termination.

**ANSWER:** Allied denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

**ANSWER:** Allied denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant violated the ADA by terminating and discriminating against Plaintiff based on her disability.

**ANSWER:** Allied denies the allegations contained in Paragraph 56 of the Complaint.

57.     Plaintiff has been damaged by Defendant's illegal conduct.

**ANSWER:** Allied denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

**ANSWER:** Allied denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

**ANSWER:** Allied denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**ANSWER:** Allied denies the allegations contained in Paragraph 60 of the Complaint.

### Count II:
### Retaliation in Violation of the ADA

61.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51 above.

**ANSWER:** Allied repeats and re-avers its responses to Paragraphs 1 through 60 as if fully set

forth herein.

62.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity and by unlawfully terminating her employment.

**ANSWER:** Allied denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant's conduct violates the ADA.

**ANSWER:** Allied denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

**ANSWER:** Allied denies the allegations contained in Paragraph 64 of the Complaint.

65.    Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

**ANSWER:** Allied denies the allegations contained in Paragraph 65 of the Complaint.

66.    Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**ANSWER:** Allied denies the allegations contained in Paragraph 66 of the Complaint.

### Count III:
### Interference in Violation of the FMLA

67.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51 above.

**ANSWER:** Allied repeats and re-avers its responses to Paragraphs 1 through 66 as if fully set forth herein.

68.    Plaintiff was an employee eligible for protected leave under the FMLA.

**ANSWER:** In response to Paragraph 68 of the Complaint, Allied states that the allegations contained in Paragraph 68 constitute legal conclusions to which no response is required and, based thereon, denies the same.

69.    Defendant is and was an employer as defined by the FMLA.

**ANSWER:** In response to Paragraph 69 of the Complaint, Allied states that the allegations contained in Paragraph 69 constitute legal conclusions to which no response is required and, based thereon, denies the same.

70.    Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

**ANSWER:** Allied admits the allegations contained in Paragraph 70 of the Complaint.

71.    Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

**ANSWER:** Allied denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

**ANSWER:** Allied denies the allegations contained in Paragraph 72 of the Complaint.

73.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

**ANSWER:** Allied denies the allegations contained in Paragraph 73 of the Complaint.

<u>**Count IV:**</u>
**Retaliation in Violation of the FMLA**

74.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51 above.

**ANSWER:** Allied repeats and re-avers its responses to Paragraphs 1 through 73 as if fully set forth herein.

75.     Plaintiff was an employee eligible for protected leave under the FMLA.

**ANSWER:** In response to Paragraph 75 of the Complaint, Allied states that the allegations contained in Paragraph 75 constitute legal conclusions to which no response is required and, based thereon, denies the same.

76.     Defendant is and was an employer as defined by the FMLA.

**ANSWER:** In response to Paragraph 76 of the Complaint, Allied states that the allegations contained in Paragraph 76 constitute legal conclusions to which no response is required and, based thereon, denies the same.

77.     Plaintiff exercised or attempted to exercise her rights under the FMLA.

**ANSWER:** Allied admits the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

**ANSWER:** Allied denies the allegations contained in Paragraph 78 of the Complaint.

79.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

**ANSWER:** Allied denies the allegations contained in Paragraph 79 of the Complaint.

80.    Plaintiff was injured due to Defendant's willful violations of the FMLA and she is entitled to legal relief.

**ANSWER:** Allied denies the allegations contained in Paragraph 80 of the Complaint.

## Count V:
### Disability Based Discrimination in Violation of the IHRA

81.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51 above.

**ANSWER:** Allied repeats and re-avers its responses to Paragraphs 1 through 80 as if fully set

forth herein.

82.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the IHRA.

**ANSWER:** In response to Paragraph 82 of the Complaint, Allied states that the allegations

contained in Paragraph 82 constitute legal conclusions to which no response is required and,

based thereon, denies the same.

83.    Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

**ANSWER:** Allied denies the allegations contained in Paragraph 83 of the Complaint.

84.    Defendant is prohibited under the IHRA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

**ANSWER:** In response to Paragraph 84 of the Complaint, Allied states that the allegations

contained in Paragraph 84 constitute legal conclusions to which no response is required and,

based thereon, denies the same.

85. Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on her disability.

**ANSWER:** Allied denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

**ANSWER:** Allied denies the allegations contained in Paragraph 86 of the Complaint.

87. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the IHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

**ANSWER:** Allied denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant's unlawful conduct in violation of the IHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**ANSWER:** Allied denies the allegations contained in Paragraph 88 of the Complaint.

**Count VI:**
**Retaliation in Violation of the IHRA**

89. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-51 above.

**ANSWER:** Allied repeats and re-avers its responses to Paragraphs 1 through 88 as if fully set forth herein.

90. Plaintiff engaged in protected activity under the IHRA while employed by Defendant.

**ANSWER:** In response to Paragraph 90 of the Complaint, Allied states that the allegations contained in Paragraph 90 constitute legal conclusions to which no response is required and, based thereon, denies the same.

91. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

**ANSWER:** Allied denies the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant's conduct violated the IHRA.

**ANSWER:** Allied denies the allegations contained in Paragraph 92 of the Complaint.

93.     Defendant's discriminatory conduct, in violation of the IHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

**ANSWER:** Allied denies the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

**ANSWER:** Allied denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**ANSWER:** Allied denies the allegations contained in Paragraph 95 of the Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, requests this Honorable Court:

a)     Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)     Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c)     Award any other and further relief as this Court deems just and proper.

**ANSWER TO WHEREFORE CLAUSE:**   Specifically responding to the "WHEREFORE" Paragraph of Plaintiff's Complaint, no response is necessary. However, to the extent a response is necessary, Allied specifically denies that Plaintiff is entitled to any relief from Allied, including but not limited to, that specific relief requested and enumerated by Plaintiff in the Complaint.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

18

**ANSWER TO JURY TRIAL DEMAND PARAGRAPH:** In response to the Paragraph of the Complaint titled "JURY DEMAND", Allied acknowledges that Plaintiff is seeking a trial by jury but denies that any such trial is warranted or necessary.

By way of further answer to the Complaint, Allied provides that any and all allegations in the Complaint that have not been expressly admitted are hereby denied. Allied further requests that this Court deny Plaintiff the relief sought and dismiss the Complaint in its entirety.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted under the FMLA, ADA, and/or IHRA.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations of the FMLA, ADA, and/or IHRA.

3. Plaintiff's claims are barred, in whole or in part, because all actions taken by Allied with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

4. Allied at all times acted in good faith to comply with all applicable laws and with reasonable grounds to believe that Allied's actions did not violate the statutes cited in the Complaint.

5. Plaintiff's claims are barred to the extent that they are beyond the scope of the underlying charge of discrimination.

6. Plaintiff is barred from, and has waived, any recovery for any alleged physical injury and/or mental and/or emotional damages, or any other injury or damage, to the extent she has failed to pursue and exhaust her administrative remedies, if any, under the Illinois Workers' Compensation Act.

7.      Allied denies that Plaintiff's alleged disability, use of FMLA, alleged protected activity, and/or any other impermissible criteria played any role in the employment decisions made and/or actions taken regarding Plaintiff.  To the extent Allied is found to have been motivated by impermissible criteria, Allied asserts that all employment decisions in this action would have occurred even in the absence of such impermissible criteria.

8.      Plaintiff's claim for FMLA interference is barred because even if she could establish that she was not reinstated after taking FMLA leave (which Allied denies), Allied would have terminated her employment had she not been on FMLA.  Allied would have terminated Plaintiff had she continued to work during the FMLA period.

9.      Plaintiff's damages, if any, are limited or barred to the extent there is evidence after-the-fact, which amounts to independent grounds to terminate her employment.

10.      Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, avoidable consequences, estoppel, and/or other principles of equity.

11.      Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, due to Plaintiff's failure to mitigate the alleged damages, if any, she claims to have suffered as a result of the allegations in the Complaint.

12.      Plaintiff's claims are barred, in whole or in part, as Allied is not liable for Plaintiff's alleged damages because if any person engaged in misconduct as alleged in the Complaint, he or she did so without the knowledge, authorization, or ratification of Allied.

13.      Plaintiff's claims are barred, in whole or in part, because, to the extent that a violation of law occurred (which Allied expressly denies), such violation was not willful, knowing, or in reckless disregard of the law.

14.     Even if Plaintiff has sufficiently stated claims for unlawful discrimination (which Allied denies), Allied exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities offered by Allied or to avoid harm otherwise.

15.     Because the Complaint is couched in conclusory terms, Allied cannot fully anticipate all defense that might be applicable to the within action.  Accordingly, Allied reserves the right to allege additional defenses as they become known during discovery, and to amend its Answer accordingly.

Respectfully submitted June 1, 2020.

/s/ *Matthew D. Wilson*
Matthew Wilson
Pedersen & Houpt
161 North Clark Street, Suite 2700
Chicago, IL 60601
P: (312) 261-2285
F: (312) 261-1285
mwilson@pedersenhoupt.com

-and-

Alexander W. Simon (*Pro hac bice pending*)
Brendan F. Sullivan (*Admitted pro hac vice*)
**Martenson, Hasbrouck & Simon, LLP**
2573 Apple Valley Road NE
Atlanta, Georgia 30319
P: (404) 909- 8100
F: (404) 909- 8120
asimon@martensonlaw.com
bsullivan@martensonlaw.com

*Attorneys for Defendant Universal Protection Service, LLC a/d/a Allied Universal*